■ HOROWITZ BROS. & MARGARETEN et al., Appellants-Respondents, v JEROME MARGARETEN et al., Respondents-Appellants. — In an action, *inter alia*, for a declaratory judgment and reformation of the certificate of incorporation of Horowitz Bros. & Margareten, plaintiffs appeal, as limited by their notice of appeal and their brief, from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated October 29, 1982, as denied their application for a permanent injunction and directed that they approve a resolution incorporating into the certificate of incorporation of the corporation certain shareholder agreements, and defendants cross-appeal, as limited by their notice of appeal and their brief, from so much of said judgment as dismissed their counterclaim insofar as it sought a decree requiring the shareholder agreement of February 18, 1910 to be incorporated into the certificate of incorporation, declared that the election of directors which occurred on July 31, 1981 was valid and declared that the January, 1910 shareholder agreement does not require unanimous shareholder approval for the election of

directors to the board. ¶ Judgment modified, on the law and the facts, by deleting the sixth decretal paragraph and substituting therefor a provision directing the parties to approve a resolution incorporating into the certificate of incorporation of the corporation the shareholder agreement of February 18, 1910. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ On February 18, 1910, the incorporators (who were the sole shareholders) of plaintiff corporation entered into a unanimous agreement which provided that no large purchase or material alteration in the business of plaintiff corporation may be made over the objection of any owner of the corporation's voting stock. The trial court held that the incorporation of this agreement into the certificate of incorporation would not be proper at this time because the agreement was not followed by the shareholders over the years and because plaintiffs Harold and Jacob Margareten, who purchased the stock of Horowitz Holding Company (which owns 50% of the stock of Horowitz Bros. & Margareten) from their uncles and great-uncles, respectively, were not on notice of the provisions of this agreement. ¶ We do not agree. Our review of the record indicates that the agreement was adhered to in corporate practice and that the purchasers of the stock should be deemed to have notice and knowledge of the shareholders' agreement. Therefore, the certificate of incorporation should be amended to include the February 18, 1910 agreement. ¶ We have reviewed the other contentions of the parties and find them to be without merit. Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.